Swan T. Ching, Esq.
1563 E. Tudor Road
Anchorage, AK 99507
907-563-9292 Phone
907-561-5690 Fax
e-mail: swan_ching@yahoo.com

Attorney for Plaintiff

IN THE IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>For the use and benefit of<br>MARSHALL'S ELECTRIC, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PINNACLE CONSTRUCTION, INC.<br>and CONTINENTAL CASUALTY<br>COMPANY,<br><br>    Defendants. | COMPLAINT FOR DEBT OWED<br>UNDER MILLER ACT<br>and<br>DEMAND FOR JURY TRIAL<br><br>Case No. 3AN-06-_____Civil |

MARSHALL'S ELECTRIC, INC. (hereafter "MARSHALL'S"), claims under contract or *quantum meruit* for debt owed under the Miller Act, 40 U.S.C. § 3131, et seq., against defendants PINNACLE CONSTRUCTION, INC. ("PINNACLE") and its surety CONTINENTAL CASUALTY COMPANY upon the followings occurrences:

1.    MARSHALL'S is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business at 3621 E. 66th Ave., Anchorage, AK 99507.  It provided electrical installation and contracting services to PINNACLE pursuant to the Subcontract between MARSHALL'S and PINNACLE, attached as Exhibit A.

2.    Defendant PINNACLE is believed to be a corporation organized and existing under the laws of the State of Alaska, with its principal place of business located at 4141 Ingra Street, Suite 200, Anchorage, AK 99503.

3.    Defendant CONTINENTAL CASUALTY COMPANY is a foreign corporation and is believed to be authorized to engage in the business of executing surety bonds in the State of Alaska.  Based on information and belief, CONTINENTAL CASUALTY

COMPANY has authorized CNA SURETY as its representative (collectively "CNA"). CNA Surety has its principal place of business at CNA Plaza-41 South Chicago, IL 60685-0001.

4. This action arises, and the court has jurisdiction, under the Miller Act, 40 U.S.C. § 3131 et seq..

5. The United States, acting through the ARMY & AIRFORCE EXCHANGE SERVICE, 3911 S. Walton Walker Blvd., Dallas, TX 75236 ("AAFES") and PINNACLE entered into a written contract in which PINNACLE agreed to construct AAFES Mini Mall/Food/Gas at Fort Richardson Army Base, Anchorage, Alaska, contract number HQ 04-REZC-063 (hereafter "AAFES Project").

6. As required by the Miller Act, PINNACLE, as prime contractor, and CNA as surety, executed a payment bond to the United States in which PINNACLE and CNA bound themselves jointly and severally to the liability of PINNACLE to all persons who did not get paid for supplying labor and materials in the performance of their work on the AAFES Project. The bond involved, based on information and belief, is bond # 929333189, the amount of which is to be proven at trial.

7. MARSHALL'S was a subcontractor of PINNACLE on the AAFES Project. The Subcontract between MARSHALL'S and PINNACLE was entered on or about November 8th, 2004, for the amount of $566,225.00.

8. The Subcontract further provides for MARSHALL'S to provide a performance and payment surety bond to PINNACLE, "unless waived by the Contractor [PINNACLE]". PINNACLE did waive the requirement for MARSHALL'S to provide the surety bond, thus resulting in MARSHALL'S initially performing the Subcontract work on the AAFES Project.

9. Pursuant to the Subcontract, MARSHALL'S was to provide, and did provide, electrical work on the AAFES Project, as required by the project specifications, without the surety bond as per waiver by PINNACLE.

10. In return for the work performed, MARSHALL'S received payments totaling $98,775.00 from PINNACLE on the first two pay requests, formally called

"Subcontractor Application for Payment/Lien Release" retainage of $10,975.00.

 11. MARSHALL'S continued to do the work on the AAFES Project, and submitted three additional pay requests, totaling $122,740.00, inclusive of the amounts due suppliers from whom MARSHALL'S purchased materials for the project. (These are pay requests dated Feb. 25th, 2005, Jan. 25th, 2005, and Dec. 22nd, 2004.) Later, based on information and belief, MARSHALL'S learned that the suppliers were paid by PINNACLE directly, thus leaving the total balance owing to MARSHALL'S on the last three pay requests of $37,539.00, inclusive of the sums for labor and materials totaling $25,680.00.

 12. Nonetheless, despite demands, PINNACLE has failed and neglected to pay MARSHALL'S the $37,539.00 due in accordance with PINNACLE's Subcontract with MARSHALL'S.

 13. PINNACLE's refusal and/or neglect to pay MARSHALL'S in accordance with the terms of the Subcontract constitute a breach of the Subcontract, in that PINNACLE was required to pay MARSHALL'S in direct relation to the payment made to PINNACLE by the owner AAFES. MARSHALL'S was therefore forced to terminate its performance of the Subcontract.

 14. More than ninety (90) days have expired since MARSHALL'S has performed such work on the AAFES Project for which this claim is based. MARSHALL'S has complied with all rules and requirements of the Miller Act for perfecting a right of action under the bond and for making this claim against PINNACLE and CNA.

 15. Moreover, due to delays caused by PINNACLE in making the timely payments due, despite many demands and notices to PINNACLE, MARSHALL'S was unable to continue working on the Subcontract balance of the AAFES Project. Consequently, MARSHALL'S has been deprived of the gains and profits it would otherwise have earned under the Subcontract had PINNACLE not breached its payment terms with MARSHALL'S - by withholding the payments justly due. PINNACLE constructively forced MARSHALL'S to discontinue work on the AAFES Project. Such

lost gains and profits amount to $82,000.00, the exact amount of which is to be proven at trial.

16.  MARSHALL'S is entitled by law to recovery prejudgment interest on the amounts due from the date the sums became due and owing to the date of the judgment, and post-judgment interest from and after the date of judgment until paid.

17.  One (1) year has not elapsed from the date on which the last work was performed by MARSHALL'S for PINNACLE on the AAFES Project, and although due demands have been made on PINNACLE and CNA, no part of the sums owing as stated above, or any interest on it, has been paid to MARSHALL'S.

18.  MARSHALL'S has employed the undersigned attorney to enforce payment of this contract and is entitled to recover from PINNACLE and CNA an amount as reasonable attorney's fees.

19.  As an alternative remedy, MARSHALL'S provided services and furnished materials to PINNACLE and such services and materials were received and accepted by PINNACLE in its capacity as prime contractor on the AAFES Project.  MARSHALL'S expects payment for such services and materials from PINNACLE as they were furnished under such circumstances that PINNACLE knew or should have known MARSHALL'S expected to be paid for.  Payment for a just amount due for these services and materials has not been received by MARSHALL'S.  By not paying, PINNACLE is justly enriched in the amount to be claimed by MARSHALL'S, if PINNACLE is allowed to retain the benefit of the services and materials without payment for their reasonable value.

20.  MARSHALL'S also invoke the pendent jurisdiction of this Court as to any claims or causes of action which are not subject to the Miller Act, although such Miller Act claims constitute substantial issue before this Court.  Any and all claims found pendent are joined as being derived from the common, operative facts of the Miller Act claim stated in this complaint.

WHEREFORE, MARSHALL'S prays for judgment against the prime contractor

| | |
|---|---:|
| Retainage from 1st Two Pay Requests (¶ 10) | $10,975 |
| Amounts from last 3 Pay Requests (¶ 11) | 37,539 |
| Lost Profits on Subcontract Balance (¶ 15) | 82,000 |
| Total Judgment Requested | 130,514 |

Plus, pre- and post-judgment interest, attorney's fees and costs, and for such other relief as is just.

Dated this 23rd day of February, 2006.

                      Respectfully,

                      /s/ Swan T. Ching
                      _____
                      Swan T. Ching, ABA 9106030
                      Attorney for Plaintiff