Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 274-0666
Fax: (907) 277-4657
E-Mail: gwatts@hwb-law.com

Attorneys for Defendants Pinnacle Construction, Inc. and
Continental Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA for the Use and Benefit of MARSHALL'S ELECTRIC, INC., | |
|---|---|
| Use-Plaintiff, | Case No. 3:06-cv-00045-TMB |
| vs. | **DEFENDANTS' ANSWER TO USE-PLAINTIFF'S COMPLAINT FOR DEBT OWED UNDER MILLER ACT** |
| PINNACLE CONSTRUCTION, INC., and CONTINENTAL CASUALTY COMPANY, | |
| Defendants. | |

COME NOW Defendants Pinnacle Construction, Inc. ("Pinnacle") and Continental Casualty Company ("Continental"), by and through their attorneys, Holmes Weddle & Barcott, P.C., and hereby set forth their answer to Use-Plaintiff's Complaint, by stating and alleging as follows:

1.  Subject to all defenses, Defendants deny the allegations in paragraph 1 of the Complaint for lack of sufficient information or knowledge to either admit or deny those allegations, with the exception of admitting that Use-Plaintiff performed

some limited amount of work under a subcontract. However, Use-Plaintiff breached and/or repudiated contractual obligations and duties owed to Defendant Pinnacle, and was terminated as a result. Defendants further answer by stating that Exhibit A speaks for itself.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit that Continental Casualty Company was registered as a foreign corporation in Alaska and that Continental has executed certain surety bonds in the State of Alaska, and deny the remaining allegations in paragraph 3 of the Complaint, other than stating that CNA has a place of business at CNA Plaza-41 South Chicago, Illinois.

4. Defendants deny the allegations in paragraph 4 of the Complaint for lack of sufficient information or knowledge to either admit or deny those allegations.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint to the extent they accurately reflect the terms of Defendant Pinnacle's contract (HQ 04-REZC-063) with Army & Air Force Exchange Service, and deny the allegations to the extent the allegations do not accurately reflect the terms thereof.

6. Subject to all defenses, Defendants answer the allegations in paragraph 6 of the Complaint by stating that the payment bond on the project speaks for itself, and Defendants deny all allegations in paragraph 6 of the Complaint to the extent they do not accurately reflect the actual signators and/or the actual terms and conditions of said payment bond, and/or to the extent they do not accurately reflect the applicable requisites of the Miller Act as it relates to said payment bond. Defendants admit the

allegations to the extent they accurately reflect the actual terms of the payment bond, and/to the extent they accurately reflect the requisites of the Miller Act (to the extent it is applicable to said payment bond).

7. Defendants admit that Use-Plaintiff was a subcontractor of Pinnacle's prior to Use-Plaintiff breaching and/or repudiating contractual obligations and duties owed to Pinnacle, and state that said subcontract speaks for itself, and deny the remaining allegations in paragraph 7 to the extent they do not accurately reflect the terms and conditions set forth in the subcontract.

8. Subject to all defenses, Defendants state that said subcontract speaks for itself, and admit that the subcontract required Use-Plaintiff to furnish certain bonds, and Defendants deny the remaining allegations in paragraph 8 of the Complaint. Defendant Pinnacle answers further by stating that Use-Plaintiff Marshall's failed and refused to provide the required bonds, and thereby breached and/or repudiated obligations and duties owed to Defendant Pinnacle under the subcontract. Defendant Pinnacle answers further by stating that Pinnacle did not ever waive the requirement for Use-Plaintiff to furnish the required bonds.

9. Subject to all defenses, Defendants admit that Use-Plaintiff performed certain limited work on the project prior to being terminated by Defendant Pinnacle due to Use-Plaintiff breaching and/or repudiating obligations and duties owed to Defendant Pinnacle, and deny the remaining allegations in paragraph 9 of the Complaint.

10. Subject to all defenses, Defendants admit that Use-Plaintiff was paid certain amounts (either directly or through joint checks), and deny the remaining allegations in paragraph 10 of the Complaint.

11. Subject to all defenses, Defendants admit that Defendant Pinnacle was forced to provide payment to certain suppliers of Marshall's in order to protect the rights and interest of Pinnacle. Defendants state that any pay requests submitted by Use-Plaintiff speak for themselves, and Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. Subject to all defenses, Defendants deny that Use-Plaintiff was and/or is owed any sums by Pinnacle, under the subcontract or otherwise, and deny the remaining allegations in paragraph 12 of the Complaint.

13. Subject to all defenses, Defendants deny the allegations set forth in paragraph 13 of the Complaint. Use-Plaintiff failed and refused to perform work, and failed to provide required bonds, and Use-Plaintiff was terminated for failing to abide by obligations and duties owed to Defendant Pinnacle, which equated to breach and/or repudiation on the part of Use-Plaintiff in any event.

14. Subject to all defenses, Defendants admit that it has been more than 90 days since Use-Plaintiff last performed any work on the project, and deny the remaining allegations set forth in paragraph 14 of the Complaint.

15. Subject to all defenses, Defendants deny the allegations in paragraph 15 of the Complaint. Defendants also deny that Defendant Pinnacle breached payment terms, and Defendants deny that any sums are owed to Use-Plaintiff. Use-Plaintiff

failed and refused to perform work without any justification, and Use-Plaintiff failed and refused to provide the required bonds, and therefore Defendant Pinnacle terminated Use-Plaintiff. Defendants owe nothing to Use-Plaintiff.

16. Subject to all defenses, Defendants deny the allegations in paragraph 16 of the Complaint, and answer further by stating that Defendants owe nothing to Use-Plaintiff.

17. Subject to all defenses, Defendants deny the allegation set forth in paragraph 17 of the Complaint, and deny that Defendants owe Use-Plaintiff any sums.

18. Subject to all defenses, Defendants deny the allegations in paragraph 18 of the Complaint and deny that Use-Plaintiff is owed any sums or attorneys' fees.

19. Subject to all defenses, Defendants deny the allegations in paragraph 19 of the Complaint, and further deny that any sums are owed to Use-Plaintiff in any event.

20. Defendants deny for the allegations set forth in paragraph 20 of the Complaint.

## ADDITIONAL DEFENSES

In addition to the foregoing defenses, Defendants state that the Complaint in this action should be dismissed for the following reasons:

1. Use-Plaintiff fails to state a claim on which relief may be granted.

2. Use-Plaintiff's claims are barred by the doctrine of unclean hands.

3. Use-Plaintiff's claims are barred by misrepresentation, fraud, deceit, and/or other wrongful conduct of the Use-Plaintiff.

4. Use-Plaintiff's claims are barred by the doctrine of promissory and/or equitable estoppel.

5. Use-Plaintiff's claims are barred by the doctrine of waiver.

6. Use-Plaintiff's alleged damages were caused by its own acts or omissions, and/or wrongful conduct.

7. Use-Plaintiff's claims are barred due to failure to mitigate.

8. Defendants owe no monies to Use-Plaintiff, under the circumstances.

9. Use-Plaintiff breached or repudiated obligations and/or duties owed to Defendant Pinnacle.

10. Use-Plaintiff is not entitled to any damages, costs, or attorneys' fees from Defendants.

11. Use-Plaintiff has failed to meet conditions precedent to prosecuting a claim against Defendants.

12. Use-Plaintiff breached the implied covenant to act in good faith and to deal fairly, by virtue of Use-Plaintiff having acted in bad faith and having dealt unfairly with Defendant Pinnacle.

13. Use-Plaintiff's claims are barred due to failure of consideration.

14. Defendants have offsets and backcharges which equal or exceed any amounts allegedly owed to Use-Plaintiff.

15. Use-Plaintiff's claims are barred due to its own negligence.

16. Use-Plaintiff is not properly licensed as a contractor, and is therefore barred from pursuing a remedy through the courts of Alaska (see AS 08.18.151).

17. Use-Plaintiff's claims are barred due to statute of frauds.

18. Use-Plaintiff's claims are barred by the parol evidence rule.

19. Use-Plaintiff's claims are barred due to accord and satisfaction.

20. Use-Plaintiff's claims are barred due to lack of subject matter jurisdiction.

21. Use-Plaintiff is not entitled to recover lost profits on work which was not performed by Use-Plaintiff in any event, from Defendant Continental or otherwise.

22. Defendant Continental asserts all affirmative defenses available to its principal.

23. Defendant Continental's liability, if any, is limited to the penal sum of the payment bond as reduced by any prior payments.

24. Use-Plaintiff is not legally entitled to recover attorneys' fees under the Miller Act.

25. Use-Plaintiff is not a proper claimant on the bond, or has failed to perfect a proper claim against the payment bond furnished by Defendant Continental and/or has otherwise failed to meet requirements under the Miller Act.

26. Use-Plaintiff's claims are barred due to Defendant Pinnacle having implemented remedies under the subcontract.

27. Use-Plaintiff's claims are barred to due contractual indemnity obligations owed to Defendant Pinnacle.

28. Use-Plaintiff has no legal right or jurisdiction to pursue an action against Defendant Pinnacle, under the Miller Act, and there is no diversity jurisdiction between Marshall's and Pinnacle.

29. Use-Plaintiff's claims are barred due to statute of limitations relating to the Miller Act bond claim.

30. The Miller Act does not provide for pendant or ancillary jurisdiction in a suit which names the United States for the use and benefit of Marshall's Electric, Inc. as Use-Plaintiff.

31. Defendants reserve the right to assert additional defenses as they may become known through discovery.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants request the following relief:

1. For judgment dismissing Use-Plaintiff's Complaint, with prejudice, in its entirety, and that Use-Plaintiff takes nothing.

2. For judgment awarding Defendants their costs and attorneys' fees associated with defending against the Complaint. For judgment awarding Defendant Pinnacle reasonable attorneys' fees and expenses in defending this action, as provided for in the written subcontract.

3. For such other relief as the Court may deem just and equitable in the premises.

DATED this 16th day of March, 2006, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Defendants Pinnacle Construction, Inc. and Continental Casualty Company


By:        s/Grant E. Watts     
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657
Email: gwatts@hwb-law.com
Alaska Bar No. 8609090

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2006, a true and correct copy of the foregoing Entry of Appearance was served electronically on:

Swan T. Ching, Esq.
1563 E Tudor Road
Anchorage, AK  99507
561-5690
E-mail:  swan_ching@yahoo.com

    s/Grant E. Watts    
       Grant E. Watts