Swan T. Ching, Esq.
1563 E. Tudor Road
Anchorage, AK 99507
907-563-9292 Phone
907-561-5690 Fax
e-mail: swan_ching@yahoo.com

Attorney for Plaintiff

IN THE IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>For the use and benefit of<br>MARSHALL'S ELECTRIC, INC., | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| PINNACLE CONSTRUCTION, INC.<br>and CONTINENTAL CASUALTY<br>COMPANY, | )<br>)<br>)<br>) | |
| Defendants. | ) | Case No. 3:06-CV-00045 TMB |
| _____ | )<br>) | |
| PINNACLE CONSTRUCTION INC. | )<br>) | |
| Counter-claimant,<br>v. | )<br>)<br>) | FIRST AMENDED ANSWER<br>TO COUNTERCLAIM |
| MARSHALL'S ELECTRIC, INC. | )<br>) | |
| Counterclaim-<br>Defendant. | )<br>) | |
| _____ | ) | |

MARSHALL'S ELECTRIC, INC. ("MARSHALL'S") answers defendant

PINNACLE CONSTRUCTION, INC. ("PINNACLE")'s counterclaim as

follows, in the order presented:

1. MARSHALL'S has no information and belief as to the allegations in paragraph 1 of PINNACLE, and therefore denies same.

2. Admitted.

3. Admitted that MARSHALL'S entered into a subcontract with PINNACLE on the AAFES Mini Mall/Food/Gas Project.

4. Denied as to all allegations in this paragraph.

5. Denied.

6. Denied.

7. Denied.

## AFFIRMATIVE DEFENSES

MARSHALL'S asserts the following affirmative defenses to PINNACLE'S counterclaim:

1. PINNACLE failed to make payments to MARSHALL'S for work completed, despite written and verbal demands, even though timely billings had been submitted;

2. PINNACLE had been notified by MARSHALL'S many times, verbally and in writing, that if it failed to pay MARSHALL'S for work completed and timely billed for, MARSHALL'S would not, and could not financially, continue to perform its contractual obligations to PINNACLE.

3. PINNACLE's withholding of payments to MARSHALL'S when they were due constitutes a breach of its contractual

obligations to MARSHALL'S, which justifiably led to the cessation of work by MARSHALL'S.

    4.   Prior to execution of the subcontract between MARSHALL'S and PINNACLE, MARSHALL'S informed PINNACLE that it could not provide the performance and payment bond.

    5.   Nonetheless, PINNACLE by word and conduct agreed to waive the performance and payment bond prior to, as well as shortly after, the work commenced on the subcontract. Only after the work commenced, and one progress payment had been made, did PINNACLE renege on its bond waiver.

    6.   In good faith, MARSHALL'S did apply for the bond at the behest of PINNACLE to the bond broker recommended by PINNACLE after the work had commenced, but was not able to obtain the bond, and PINNACLE was so informed.

    7.   PINNACLE's demand for bond is barred by the doctrines of equitable estoppel, promissory estoppel, or quasi-estoppel. Its word or conduct before, as well as after, the work commenced led MARSHALL'S to believe justifiably that PINNACLE had waived the bond.

    8.   MARSHALL'S breach of subcontractual obligations was excused by PINNACLE'S refusal to pay the oft-overdue, and presently outstanding, requests for payment, despite demands and prior threats to stop work from MARSHALL'S.

9. PINNACLE's alleged incurrence of additional costs to complete certain work that MARSHALL'S failed to perform was due to PINNACLE's breach of subcontractual obligations to MARSHALL'S.

10. PINNACLE was compensated for any work not completed by MARSHALL'S but completed by others or by PINNACLE, and therefore PINNACLE has nothing to back charge MARSHALL'S.

11. PINNACLE failed to identify what specific work was performed by it that should have been performed by MARSHALL'S.

12. PINNACLE failed to identify whether the specific work allegedly performed by it was within MARSHALL'S scope of work under the subcontract.

13. PINNACLE failed to substantiate work by description and amounts charged for each area of work performed by it that MARSHALL'S should be responsible for.

14. All pay requests/applications of MARSHALL'S included customary profit markups in the construction trade and were based on invoices it received from suppliers who often insisted on payment up front before delivery.  There were no intentional inflated or inaccurate pay applications.

## RELIEF REQUESTED

MARSHALL'S requests that PINNACLE's counterclaim be dismissed in entirety, and the court award MARSHALL'S attorney's fees and costs for the defense of this frivolous counterclaim.

MARSHALL'S further requests such other and further relief as the court deems just and proper.

Dated this 2nd day of October, 2006.

/s/Swan T. Ching
_____
Swan T. Ching, ABA 9106030
Attorney for Plaintiff

Certificate of Service

Served via electronic mail on October 2nd, 2006, upon:

Grant E. Watts, Esq.
Holmes Weddle & Barcott, P.C.
701 W. 8th Ave., # 700
Anchorage, AK 99501-3408
e-mail: gwatts@hwb-law.com

/s/Swan T. Ching
_____