Swan T. Ching, Esq.
1563 E. Tudor Road
Anchorage, AK 99507
907-563-9292 Phone
907-561-5690 Fax
e-mail: swan_ching@yahoo.com

Attorney for Plaintiff

     IN THE ɪN THE UNITED STATES DISTRICT COURT

       FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>For the use and benefit of )<br>MARSHALL'S ELECTRIC, INC., )<br>         )<br>   Plaintiff,    )<br>         )<br>   v.       )<br>         )<br>PINNACLE CONSTRUCTION, INC. )<br>and CONTINENTAL CASUALTY )<br>COMPANY,       )<br>         )<br>   Defendants.   )<br>_____)<br>         )<br>PINNACLE CONSTRUCTION INC. )<br>         )<br>   Counter-claimant, )<br>   v.       )<br>         )<br>MARSHALL'S ELECTRIC, INC. )<br>         )<br>   Counterclaim-  )<br>   Defendant.   )<br>_____) | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-CV-00045 TMB<br><br><br><br>MEMORANDUM IN SUPPORT OF<br>MARSHALL'S ELECTRIC, INC.'S<br>MOTION TO COMPEL DISCOVERY &<br>MOTION FOR SANCTIONS |

  MARSHALL'S ELECTRIC, INC. ("MARSHALL'S), submits this

memorandum in support of its Motion to Compel Discovery and

Motion for Sanctions under FRCP 26(g) and FRCP 37 against

Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 1 of 11

PINNACLE CONSTRUCTION, INC. ("PINNACLE"), or its counsel, based on the following occurrences[1].

1. Failure to produce documents responsive to MARSHALL'S Requests for Production – numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11;

2. Failure to respond to Interrogatory No. 2.

(See PINNACLE'S Response – Exhibit A, pp. 1 – 9, 10.)

### RESPONSES OF PINNACLE

<u>Requests for Production</u>.  PINNACLE's response is fully stated below from the Request No. 1 (all other responses were referred to this same response):

> To the extent they exist, all such documents that are responsive to this request have either *previously* been made available for inspection and copying, remain available for inspection and copying, or *will otherwise be made available* for inspection and copying at the Law Offices … to the extent such documents have not been previously produced for inspection and copying.  [PINNACLE] does not intend on producing documents which [it] have (sic) already produced.

(PINNACLE refers to the FIVE banker's boxes it produced as initial disclosures at its counsel office.)

---

[1] PINNACLE's counsel requested FOUR extensions of time to respond – originally due October 2nd, 2006, but not responded until October 19th.

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 2 of 11

Interrogatory No. 2.  MARSHALL'S asks PINNACLE to specify where in the contract specification or blue print their takeover expenses came from.  PINNACLE responded as follows:

> Pinnacle objects as this Interrogatory is *overly burdensome*.  See response to Request for Production No. 1.  Said invoices and pay requests necessarily speak for themselves, as do other records relating to Cost of Take Over.

(PINNACLE's takeover expenses constitute its counterclaim against MARSHALL'S, as detailed on Exhibit B to this memorandum.  The interrogatory asks PINNACLE to identify all charges by reference to the project's "**Sheet number** and **Grid Line number** of the **Blue Print**, or **page number** and **section number** of the contract book titled "**100% Specification**" for the Mini Mall Project."

## BACKGROUND OF CLAIMS AND DEFENSES SUPPORTING THE REQUESTS

MARSHALL'S was hired by PINNACLE as a subcontractor to perform certain electrical work for a project called AAFES Mini Mall/Food/Gas at Fort Richardson Army Base, Alaska, ("Project"). PINNACLE was the prime contractor and AAFES the owner.  After the work was performed by MARSHALL'S a few months into the Project, disputes arose as to whether PINNACLE waived performance and payment bonds from MARSHALL'S.  MASHALL'S maintains that it could not financially obtain the bonds and had

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 3 of 11

informed PINNACLE so prior to the contract formation, and that PINNACLE had agreed to waive them. PINNACLE denies the waiver.

While the dispute lingered, MARSHALL'S continued to perform its work and received payment on the first two pay requests. However, as the bonds dispute continued, PINNACLE began to question the accuracy of each subsequent monthly pay request, three in total, and withheld payment on them altogether. Despite demands and notices to PINNACLE that MARSHALL'S could not continue to work without pay, PINNACLE never paid the last three pay requests. Meanwhile, it repeatedly demanded MARSHALL'S to be on the Project, which MARSHALL'S was financially unable to do.

Finally, MARSHALL'S had to terminate its performance on the Project and instituted this lawsuit for what PINNACLE owes it - $37,439 on the last three pay requests, after adjustments for invoices of MARSHALL'S subcontractors who got paid from PINNACLE afterwards; $10,975 of retainage, and $82,000 of lost profit. PINNACLE counterclaims for the costs of takeover to finish MARSHALL'S portion of the Project through various subcontractors in the amount of $57,425.73, as detailed in Exhibit B.

By contract terms, all work on the Project must follow the specifications set out in the Project's contract book, entitled

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 4 of 11

"100% Specification", and supplemented by blue prints of various drawings, each blue print identified by sheet number, and within each sheet by grid line number to identify various drawings thereon.  To be paid, the work performed must meet the contract specification and/or blue print, or approved in advance.

Thus, to determine the legitimacy of PINNACLE's takeover back charges in Exhibit B, it is necessary for MARSHALL'S to know where the charges came from, whether they were authorized in the original contract and/or change orders, whether PINNACLE already billed AAFES for them, or whether the charges were merely cost overrun due to inefficient Project management on the part of PINNACLE, etc.  After all, PINNACLE is not entitled to double recovery or recovery for own mismanagement.

AUTHORITIES IN SUPPORT

The intent of discovery rules is full disclosure of requested information, and the burden is on the party resisting it.  *Discovery Proceedings in Federal Court §§ 1.1, 6.1, 9.2 (Shepard's eds., 2d ed. 1991 & Supp. 1992)*.  See also, Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)(the resisting party has "heavy burden").  After all, "the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 5 of 11

facts are concealed… ." Jampole v. Touchy, 673 S.W.2d 569, 573 (Tex. 1984), *overruled in part on other grounds,* Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992).

Here, PINNACLE through its counsel is trying to conceal the facts by amassing volumes of documents on MARSHALL'S and refuses to organize and label them to correspond with the categories in the discovery requests, despite two attempts to confer to resolve the dispute.

FRCP 34(b), Production of Documents, states:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall *organize and label them to correspond with the categories in the request*. (Emphasis added.)

FRCP 33(d), Interrogatories to Parties, also requires specification of documents where business records are made available, and where

> *the burden* of deriving or ascertaining the answer *is substantially the same* for the party serving the interrogatory as for the party served… . *A specification shall be in sufficient detail* to permit the interrogating party to locate and to identify as readily as can the party served, the records from which the answer may be ascertained. (emphasis added.)

## ARGUMENT

In spite of the Rules, counsel of PINNACLE has refused to specify the records "to correspond with the categories in the

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 6 of 11

request", insisting instead that MARSHALL'S go through the boxes of unmarked, unspecified documents it provided.

BUSINESS RECORDS OPTION. MARSHALL'S objects to PINNACLE's opting to make available 5 banker's boxes of business records in response to the requests - instead of locating and copying the requested documents from the records it is familiar with. As noted by the court in T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 454 (W.D.N.C. 1991):

> The plain language of Rule 33(c)[now 33(d)] provides that the rule [as to providing business records] is inapplicable unless the "burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(c); *see also* 4A Moore's Federal Practice par. 33.25 (2d ed. 1990) ("an offer to produce business records is not an acceptable alternative to answering interrogatories where the information is not as accessible to the requesting party as to the answering party and the burden of ascertaining the answers is substantially greater on the requesting party"). An important -- often key -- factor in weighing the respective burdens on the parties is the *interrogated party's familiarity with its own documents*. 4A Moores Federal Practice par. 33.25.

(emphasis added.)

Moreover, in United States Ex Rel. Englund v. Los Angeles, 235 F.R.D. 675, 680-81 (E.D. Cal. 2006), the court said:

> If a party exercises this [business records] option, the responding party must 'specify the records' from which the answer may be derived or ascertained. The specification must be 'in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 7 of 11

ascertained.' Fed. R. Civ. P. 33(d); Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004) (referring to 'business records' without specifying particular documents insufficient). At a minimum, the specification must provide the category and location of the records from which the answers can be derived. Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902, 906 (9th Cir. 1983)(designation of 'books of account, banking accounts, records, computer printouts, ledgers and other documents' insufficient).  If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories. O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 278 (C.D. Cal. 1999).

In light of these authorities, MARSHALL'S urges the court to require PINNACLE to copy the requested documents pursuant to the requests, instead of offering them unmarked and unspecified, especially when MARSHALL'S is not familiar with them.

BURDENSOME OBJECTION.  PINNACLE's objection to *Interrogatory No. 2* does not meet the requirement of the law. Its general statement that the request is "overly burdensome", without specific facts in support, is neither an answer nor an objection.  See, e.g., Josephs v. Harris Corp., 677 F.2d 985, 992 (3rd Cir. 1982) where the court said:

> The mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory.  On the contrary, the party resisting discovery "must show specifically how … each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." (Citations omitted).

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 8 of 11

See also, <u>Martin v. Easton Publishing Co.</u>, 85 F.R.D. 312, 316 (E.D. Pa. 1980) where the court said:

> To resist answering interrogatories, [responding party] cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof. Simply decrying the expense …. will not satisfy this obligation. Rather, [responding party] "must show specifically how . . . each interrogatory . . . is . . . burdensome or oppressive." As the party resisting discovery, [it] has the burden to "clarify and explain its objections and to provide (factual) support therefor." (citation omitted.)

Given these authorities, MARSHALL'S urges the court to order PINNACLE to answer this interrogatory fully and completely so that MARSHALL'S can determine the merits of its counterclaim.

<u>ARGUMENT IN SUPPORT OF MOTION FOR SANCTIONS</u>

In signing the discovery response, counsel of PINNACLE certifies to the court that "after a reasonable inquiry, the request, response or objection is:

> (A)   consistent with these rules and warranted by existing law or a good faith argument for… reversal of existing law;
> (B)   not interposed for any improper purpose…;"

See *FRCP 26(g)(2)*.  Further, *FRCP 26(g)(3)* states:

> If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, …, response or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 9 of 11

Along with FRCP 26(g), the court also has authority under FRCP 37 to impose sanctions asked for herein.  As demonstrated, the legal position taken by PINNACLE is clearly abusive and contradicted by the discovery rules and the court decisions cited herein.

Because of the discovery abuses of PINNACLE, MARSHALL'S respectfully requests that the court impose monetary sanctions against PINNACLE or its counsel, or both, in an amount equal to the actual reasonable attorney's fees incurred by MARSHALL'S in having to file these motions - to deter discovery abuses in the future.  MARSHALL'S further asks the court to order PINNACLE to copy all documents responsive to each request for production, as well as answer the disputed interrogatory fully.

This memorandum is accompanied by the MOTION TO COMPEL DISCOVERY and MOTION FOR SANCTIONS, and MOTION FOR SHORTENED TIME, and proposed orders for same.

Dated this ___ day of November, 2006.

/s/ Swan T. Ching
_____
Swan T. Ching, ABA 9106030
Attorney for Plaintiff

Certificate of Service

Served via electronic mail on November 3d, 2006,
upon:

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 10 of 11

Grant E. Watts, Esq.
Holmes Weddle & Barcott, P.C.
701 W. 8th Ave., # 700
Anchorage, AK 99501-3408
e-mail: gwatts@hwb-law.com

/s/Swan T. Ching
_____

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Case # 3:06-CV-00045 TMB
Memorandum in Support of Motion to Compel Discovery & Motion for Sanctions
Page 11 of 11