Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 274-0666
Fax: (907) 277-4657
E-Mail: gwatts@hwb-law.com

Attorneys for Defendants Pinnacle Construction, Inc. and
Continental Casualty Company

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of MARSHALL'S ELECTRIC, INC., <br><br> Use-Plaintiff, <br><br> vs. <br><br> PINNACLE CONSTRUCTION, INC., and CONTINENTAL CASUALTY COMPANY, <br><br> Defendants. | Case No. 3:06-cv-00045-TMB <br><br> **PINNACLE CONSTRUCTION, INC.'S RESPONSE TO MARSHALL'S ELECTRIC, INC.'S REVISED FIRST DISCOVERY REQUEST** |
| PINNACLE CONSTRUCTION INC., <br><br> Counterclaimant, <br><br> vs. <br><br> MARSHALL'S ELECTRIC, INC., <br><br> Counterclaim Defendant. | |

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 1 of 9

United States of America fubo Marshall's Electric,
Inc. vs. Pinnacle Construction, Inc. and
Continental Casualty Company
Case No. 3:06-cv-0045 TMB


EXHIBIT A
PAGE 1 OF 9

COME NOW Defendant and Counterclaimant Pinnacle Construction, Inc. (hereinafter also referred to as "Pinnacle"), by and through its attorneys, Holmes Weddle & Barcott, P.C., herewith submit its response to Marshall's Electric, Inc.'s Revised First Discovery Request.

**REQUEST FOR PRODUCTION NO. 1**: Please produce copy of all documents (as defined) between PINNACLE and CONTINENTAL CASUALTY COMPANY or its representative CNA SURETY concerning performance bond/payment bonds involving the project at Mini Mall at Fort Richardson; Contract HQ-040REZC-063 ("Mini Mall Project").

**RESPONSE**: To the extent they exist, all such documents that are responsive to this request have either previously been made available for inspection and copying, remain available for inspection and copying, or will otherwise be made available for inspection and copying at the Law Offices of Holmes, Weddle & Barcott, P.C. to the extent such documents have not been previously produced for inspection and copying. Defendant and Counterclaimant Pinnacle ("Pinnacle") does not intend on producing documents which Use-Plaintiff and Counterclaim Defendant in the lawsuit have already produced.

**REQUEST FOR PRODUCTION NO. 2**: Please produce copy of all documents (as defined) between *all sub-contractors* of PINNACLE and CONTINENTAL CASUALTY COMPANY or its representative CNA SURETY concerning performance bond/payment bonds on the Mini Mall Project, including any claims against those bonds by anyone.

Pinnacle Construction, Inc.' Response to Marshall's Electric, Inc.'s Revised First Discovery Request
Page 2 of 9

United States of America f/u/bo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company
Case No. 3:06-cv-0045 TMB

EXHIBIT A
PAGE 2 OF 9

RESPONSE: Other than documents (previously produced by Marshall's and Pinnacle) from Marshall's Electric, Inc. and/or its attorney Swan Ching, there are no such documents.

**REQUEST FOR PRODUCTION NO. 3**: Please produce copy of all documents (as defined) evidencing communications during July 1, 2004, to the present between *Matthew Hartman and James Cazort* concerning MARSHALL'S performance/payment bonds for the Mini Mall Project.

RESPONSE: See response to Request for Production No. 1.

**INTERROGATORY NO. 1**: Please state **when** the insured PINNACLE or its insurer CONTINENTAL CASUALTY COMPANY or its agent CNA SURETY retained legal counsel to assist them in the present dispute with MARSHALL'S. (If other than the current counsel, please provide the name and address of the counsel.)

RESPONSE: "Present Dispute" is interpreted by Pinnacle to refer to the lawsuit filed by Plaintiff in this action. Counsel was retained shortly after the Complaint was served on Defendants, and Mr. Watts continues to represent the Defendants in the action. Pinnacle objects to other aspects of the Interrogatory based on attorney client privilege.

**REQUEST FOR PRODUCTION NO. 4**: Please produce copy of all documents between PINNACLE and Kelly Layman of Ribelin Lowell & Company, Insurance Brokers, Inc., concerning performance bond/payment bonds on the Mini Mall Project for PINNACLE and for all of PINNACLE's sub-contractors on this project.

RESPONSE: See response to Request for Production No. 1.

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 3 of 9

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

EXHIBIT A
PAGE 3 OF 9

**REQUEST FOR PRODUCTION NO. 5**: Please produce copy of the contract and all its change orders on the Mini Mall Project between AAFES and PINNACLE.

**RESPONSE**: See response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 6**: Concerning the "Attachment 1 – Disclosures", attached, please produce copy of **all documents supporting each** of the amounts charged to MARSHALL'S for the Cost of Take Over, such as (1) invoices for materials purchased, (2) certified payroll, (3) pay requests, (4) payment advices by PINNACLE to each subcontractor, or to anyone not named in the list of Cost of Take Over (such as, "Trenching for site lights & comm", "Elec trenching for fuel", "Scissors Lift Rental", "Expenses to bid take over").

**RESPONSE**: See response to Request for Production No. 1.

**INTERROGATORY NO. 2**: For **EACH invoice, EACH certified payroll, and EACH pay request** included in the "Cost of Take Over" in Attachment 1 - Disclosures, please **describe the work performed** and reference the work descriptions to:
>   **Sheet number** and **Grid Line number** of the **Blue Print**, or
>   **page number** and **section number** of the contract book titled "**100% Specification**" for the Mini Mall Project.

**RESPONSE**: Pinnacle objects as this Interrogatory is overly burdensome. See response to Request for Production No. 1. Said invoices and pay requests necessarily speak for themselves, as do other records relating to Cost of Take Over.

**REQUEST FOR PRODUCTION NO. 7**: Please produce copy of *all pay requests of PINNACLE to AAFES* on the Mini Mall Project, including all supporting documents for each pay request in PINNACLE'S files.

**RESPONSE**: See response to Request for Production No. 1.

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 4 of 9

*United States of America f/ubo Marshall's Electric,
Inc. vs. Pinnacle Construction, Inc. and
Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

EXHIBIT: A
PAGE 4 of 9

**REQUEST FOR PRODUCTION NO. 8**: Please produce copy of all payment advices from AAFES to PINNACLE for the Mini Mall Project, including payments for the change orders.

**RESPONSE**: Pinnacle objects to this Request for Production as not being understandable. Without waiving the objection, see response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 9**: Please produce copy of all documents (as defined) provided to PINNACLE by any persons, including those of the witnesses named in the initial disclosures, concerning or relating to counterclaims or defenses of PINNACLE in this lawsuit.

**RESPONSE**: See response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 10**: Please produce copy of all documents (as defined) between PINNACLE and Dynamic Systems, Inc., including contract and change orders, pay requests, invoices for materials and labor, performance and payment bonds on the Mini Mall Project.

**RESPONSE**: See response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 11**: Please provide copy of contract and change orders on the Mini Mall Project between PINNACLE and City Electric, Inc.

**RESPONSE**: See response to Request for Production No. 1.

**REQUEST FOR ADMISSION NO. 1**: Please admit that PINNACLE recognized or *received from MARSHALL'S* or its attorney each of the documents in the Attachment 2 – MARSHALL'S Documents, consisting of 23 pp., identified by the following bate stamp numbers (not in consecutive order): 0001007-8, 0001019-20, 0001144, 0001166-7, 0001143, 0001171-2, 0001021-2, 0001015, 0001018, 0001010-2, 0001006, 0001004, 0001001, 0001158-60, inclusive.

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 5 of 9

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

EXHIBIT A
PAGE 5 OF 9

**RESPONSE**: Admit that Pinnacle recognized or received from Marshall's or its attorney, but deny that Pinnacle agreed with Marshall's or Marshall's attorney in regards to Marshall's or Marshall's assertions in any such documents. Pinnacle incorporates by reference its defenses in its answer and its counterclaim.

**REQUEST FOR ADMISSION NO. 2**: Please admit that PINNACLE *sent* each of the documents in the Attachment 3 – PINNACLE's Documents, to MARSHALL'S, consisting of 17 pp., identified by the following bate stamp numbers (not in consecutive order): 0001170, 0001032, 0001033, 0001034, 0001057, 0001006, 0001028, 0001029, 0001035, 0001037, 0001039, 0001041, 0001042, 0001048, 0001049, 0001277, and 0001071, inclusive.

**RESPONSE**: Admit, but state that Pinnacle also sent other documents to Marshall's, which are included in the documents referenced in response to Request for Production No. 1.

**INTERROGATORY NO. 3**: If any answers to the Requests for Admission No. 1 or No. 2 are denial, please state the reason for the denial – document by document, identifying the document by bate stamp number. (Numbers are not consecutive.)

**RESPONSE**: See responses above, and response to Request for Production No. 1.

**REQUEST FOR ADMISSION NO. 3**: Please admit that MARSHALL'S pay request dated 10/25/04 was not paid by PINNACLE until 12/7/04 or thereabout.

**RESPONSE.** Admit, but subject to Pinnacle's defenses and counterclaims.

**REQUEST FOR ADMISSION NO. 4**: Please admit that MARSHALL'S pay request dated 11/23/04 was not paid by PINNACLE until 2/11/05 or thereabout.

Pinnacle Construction, Inc.' Response to Marshall's Electric, Inc.'s Revised First Discovery Request
Page 6 of 9

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE SUITE
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

EXHIBIT A
p. 6 of 9

**RESPONSE**: Admit, but subject to Pinnacle's defenses and counterclaims.

**REQUEST FOR ADMISSION NO. 5**: Please admit that PINNACLE never paid MARSHALL'S for its pay requests dated 12/22/04, in the amount of $70,920; 1/25/05, in the amount of $25,443; and 2/25/05, of $14,103.

**RESPONSE**: Admit, but deny that the pay requests were accurate (said pay requests contained significant errors, inflated amounts and/or improper amounts), and deny that Pinnacle had an obligation to pay Marshall's sums referenced in said pay requests under the circumstances and/or based on Pinnacle's defenses, all of which are incorporated by this reference.

**INTERROGATORY NO. 4**: If you deny any of the requests for admission no. 3, 4, or 5, please state your reasons with specificity.

**RESPONSE**: See responses above.

**REQUEST FOR ADMISSION NO. 6**: Please admit that in addition to the written demands from MARSHALL'S to PINNACLE for payment for the pay requests identified in request for admission no. 5, there were also oral demands made by MARSHALL'S for same.

**RESPONSE**: Admit, subject to Pinnacle's defenses and subject to Pinnacle's correspondence to Marshall's and Swan Ching, and Pinnacle also incorporates by this reference its response to Request for Admission No. 5 in support of this response.

**INTERROGATORY NO. 5**: Please identify all persons who had knowledge of or were involved in the decision-making process in requiring performance and/or

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 7 of 9

United States of America fubo Marshall's Electric,
Inc. vs. Pinnacle Construction, Inc. and
Continental Casualty Company
Case No. 3:06-cv-0045 TMB

**INTERROGATORY NO. 5**: Please identify all persons who had knowledge of or were involved in the decision-making process in requiring performance and/or payment bonds from subcontractors (including MARSHALL'S) on the Mini Mall Project.

**RESPONSE**: Kelly Layman, Matt Hartman, James Cazort, and certain representatives of CNA Casualty Company. Marshall's was the only subcontractor which was required to provide a payment and performance bond (due to the size of Marshall's subcontract).

**INTERROGATORY NO. 6**: Please identify by name, address, and phone number, and their respective positions, of all individuals who prepared or assisted in preparing the responses to this discovery request of MARSHALL'S.

**RESPONSE**: Matt Hartman, see addresses/phone in Pinnacle's initial disclosures.

**INTERROGATORY NO. 7**: If you deny accuracy of any of the documents in the Attachments 2 or 3, please state with specificity the reason for your denial referencing the document by bate stamp number.

**RESPONSE**: Pinnacle objects to this Interrogatory as not being understandable (meaning of accuracy, does that mean the copies are accurate or does it relate to the contents of those documents). The copies appear to be accurate copies. But as to the contents of correspondence from Marshall's or Marshall's attorney Swan Ching, Pinnacle's position remains as stated in project correspondence to Marshall's and Marshall's attorney Swan Ching, and as set forth in its initial disclosures, answer to the Complaint, and Counterclaim, all of which are incorporated by this reference in rebutting assertions on the part of Marshall's and Marshall's attorney Swan Ching.

Pinnacle Construction, Inc.' Response to Marshall's
Electric, Inc.'s Revised First Discovery Request
Page 8 of 9

*United States of America fubo Marshall's Electric,
Inc. vs. Pinnacle Construction, Inc. and
Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

DATED this 19th day of October, 2006, at Anchorage, Alaska.

        HOLMES WEDDLE & BARCOTT, P.C.
        Attorneys for Defendants Pinnacle
        Construction, Inc. and Continental Casualty
        Company and Counterclaimant Pinnacle
        Construction, Inc.

        By: _____
        701 W. Eighth Avenue, Suite 700
        Anchorage, Alaska 99501-3408
        Phone: (907) 274-0666
        Fax: (907) 277-4657
        Email: gwatts@hwb-law.com
        Alaska Bar No. 8609090

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2006, a true and correct copy of the foregoing was served by fax and U.S. mail on:

Swan T. Ching, Esq.
1563 E Tudor Road
Anchorage, AK 99507
561-5690
E-mail: swan_ching@yahoo.com

_____
Grant E. Watts

Pinnacle Construction, Inc.' Response to Marshall's Electric, Inc.'s Revised First Discovery Request
Page 9 of 9

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company*
Case No. 3:06-cv-0045 TMB

## Certification of PINNACLE's Officer/Representative

I certify under oath to the truthfulness and completeness of the responses to plaintiff's discovery requests above on the behalf of PINNACLE CONSTRUCTION, INC., the defendant/counterclaimant herein.

By _____*Matthew Hartman*_____
Signature

_____Matthew Hartman_____
Print Name

_____Vice President_____
Title

STATE OF ALASKA        )
                       ) ss.
THIRD JUDICIAL DISTRICT )

Subscribed and sworn to before me by _____Matthew Hartman_____ this _19_ day of October, 2006, at Anchorage, Alaska.

OFFICIAL SEAL
State of Alaska
IDA MAE D. WESTFALL
NOTARY PUBLIC
My Commission Expires 6/27/2009

_____
Notary Public for Alaska
Commission expires: 6/27/2009

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

Pinnacle Construction, Inc.' Response to Marshall's Electric, Inc.'s Revised First Discovery Request

United States of America f/u/bo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc. and Continental Casualty Company
Case No. 3:06-cv-0045 TMB