Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 274-0666
Fax: (907) 277-4657
E-Mail: gwatts@hwb-law.com

Attorneys for Defendants Pinnacle Construction, Inc. and
Continental Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA for the Use and Benefit of MARSHALL'S ELECTRIC, INC., | |
|---|---|
| Use-Plaintiff, | Case No. 3:06-cv-00045-TMB |
| vs. | **DEFENDANT'S OPPOSITION TO USE-PLAINTIFF'S MOTION TO COMPEL DISCOVERY & MOTION FOR SANCTIONS** |
| PINNACLE CONSTRUCTION, INC., and CONTINENTAL CASUALTY COMPANY, | |
| Defendants. | |

COMES NOW Defendant Pinnacle Construction, Inc. ("Pinnacle"), by and through its attorneys, Holmes Weddle & Barcott, P.C., and hereby files its opposition to Use-Plaintiff's Motion to Compel Discovery & Motion for Sanctions.

Pinnacle submits that sanctions are not appropriate for two reasons. Pinnacle has not violated any order compelling Pinnacle to respond to Marshall's discovery requests.

Defendant's Opposition to Use-Plaintiff's Motion to Compel Discovery & Motion for Sanctions
Page 1 of 7

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB

Therefore, the sanctions requested by Marshall's are not appropriate. In addition, there is no rule that provides for sanctions against Pinnacle, under the relevant circumstances.

Pinnacle has responded properly in regards to Marshall's subject discovery, and Marshall's counsel was simply unreasonable in failing and refusing to inspect certain project records which were made available at the offices of Holmes Weddle & Barcott, P.C. (in addition to the bates stamped documents, attached hereto as Exhibit 1, which Mr. Ching took with him on the day he refused to even look at the other project records which contained documents responsive to certain requests for production propounded upon Pinnacle). Documents were produced by Pinnacle in the manner in which they were kept in the usual course of Pinnacle's business, as allowed by Fed. R. Civ. P. 34(b), which provides as follows:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Pinnacle also relies upon the following Fed. R. Civ. P. 33(d) as further support for Pinnacle's contention that it responded properly to Marshall's subject discovery:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

Defendant's Opposition to Use-Plaintiff's Motion to    *United States of America fubo Marshall's Electric, Inc.*
Compel Discovery & Motion for Sanctions                                *vs. Pinnacle Construction, Inc., et al.*
Page 2 of 7                                                                          Case No. 3:06-cv-00045 TMB

.       In addition to producing the bates stamped documents numbered 000686 through 000818 (attached hereto as Exhibit 1), Pinnacle's attorney also made available three medium-size banker boxes of files, binders, and other records relating to the project (all of which were labeled as to the general contents, segregated in files or binders and adequately identified).  These boxes were made available in addition to approximately three other boxes that were previously produced as part of Pinnacle's initial disclosures (which Mr. Ching had inspected and marked certain documents for copying sometime ago, which were produced in bates stamped form to Mr. Ching, and which numbered several hundred in volume).

All of the six to seven boxes of project records were made available to Mr. Ching again when he came to Holmes Weddle & Barcott to pick up the bates stamped documents attached hereto as Exhibit 1.  Those files/binders were in the same order and condition as maintained at Pinnacle's offices in the usual course of business.  When Mr. Ching came to Holmes Weddle & Barcott, he chose to argue that Pinnacle's counsel "had the obligation to further segregate those records," which Pinnacle's counsel denied (and had denied the day before when Mr. Ching was invited over to inspect and copy the contents of the boxes as he saw fit).  Mr. Ching continued to argue, and Pinnacle's counsel essentially advised him to leave if he did not want to review the boxes of project records.  Mr. Ching did take a copy of the bates stamped documents referenced above. He did not even look at the boxes of project records (which remain labeled and

Defendant's Opposition to Use-Plaintiff's Motion to            United States of America fubo Marshall's Electric, Inc.
Compel Discovery & Motion for Sanctions                                     vs. Pinnacle Construction, Inc., et al.
Page 3 of 7                                                                           Case No. 3:06-cv-00045 TMB

organized), and Mr. Ching simply argued and left without inspecting the contents of those boxes of project records (all of which still remain available for inspection and copying by Mr. Ching).

Documents which may have been responsive to Marshall's Requests for Production No.1, No. 3, No. 4, No. 5, No. 7, No. 8, No. 9, and No. 10 are believed to be contained in the files and other records which were made available to Mr. Ching. Mr. Ching simply failed and refused to inspect the contents of the three new boxes of records (which contained labeled files from Pinnacle and other records) which had not been made available to him previously, even though he was standing less than four feet from them as he argued that the records had to be segregated in response to each of his requests for production (which Pinnacle's counsel disputed in good faith).

Pinnacle responded to the requests for admission in proper fashion and good faith. With respect to the interrogatories, Pinnacle responded to most of the interrogatories and raised legitimate objections with respect to others, in particular the overly burdensome and confusing Interrogatory Nos. 2 and 7. Although Marshall's knows what work it performed before it ceased performing work on the project and also knows what work under its subcontract was not performed at the time Marshall's abandoned and failed to perform further work on the project, in response to the interrogatories Pinnacle furnished subcontract documents for the electrical subcontractor who completed the work which Marshall's refused to perform. Those documents are included in the bates stamped

Defendant's Opposition to Use-Plaintiff's Motion to Compel Discovery & Motion for Sanctions
Page 4 of 7

*United States of America fubo Marshall's Electric, Inc. vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB

project records which are attached hereto as Exhibit 1 (which were properly produced and which Mr. Ching took with him on the day he refused to inspect the contents of the three boxes of additional project records.)  Documents responsive to Request for Production No. 6 were produced, and are included in the bates stamped documents Mr. Ching took with him (which are also attached hereto as Exhibit 1).

**Conclusion**

Pinnacle submits that Mr. Ching is not being reasonable and is seeking to impose discovery burdens upon Pinnacle beyond the requirements of the civil rules .  He has disregarded relevant aspects of Federal Rules of Civil Procedure 33 and 34, and he has refused to even review or inspect the three additional boxes of project records that were believed to contain documents that may have been responsive to Marshall's subject requests for production and that were made available to him.  Mr. Ching also refused to inspect the other project records which had been made available to him again, which were also believed to potentially contain documents responsive to Marshall's requests for production.

Pinnacle submits Mr. Ching should be required to review the project records which remain in orderly fashion and which remain identified in the same fashion those records were maintained by Pinnacle.  Pinnacle submits that Marshall's motion to compel should be denied, and Mr. Ching should not be heard to complain since he chose not to inspect the relevant project records which were made available to him (other than

Defendant's Opposition to Use-Plaintiff's Motion to
Compel Discovery & Motion for Sanctions
Page 5 of 7

*United States of America fubo Marshall's Electric, Inc.
vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB

taking the Exhibit 1 documents which were also provided to him in response to Marshall's discovery requests).

If the Court so requests, Pinnacle's counsel will produce the boxes (containing labeled files and binders which are identified, and plans which are identified, etc.) for the Court's review, because the files and binders are labeled in a manner which makes reviewing them relatively the same burden for Marshall as Pinnacle. Pinnacle submits that the burden of deriving answers is substantially the same for Marshall as Pinnacle.

The project records (including plans and specifications and other documents) remain available for Marshall's to inspect (provided Mr. Ching does not engage in protracted arguments which are unnecessary). Many of the interrogatories propounded by Marshall are not even understandable, so it is totally inappropriate for Mr. Ching to have submitted the Motion, and Pinnacle submits that no fees, costs, or sanctions are warranted. A review of Pinnacle's discovery responses reflect that they are proper and in accord with applicable rules.

Pinnacle also disputes the unilateral assertions on the part of Marshall's counsel relating to substantive issues involved in the litigation. Pinnacle has a meritorious counterclaim, and defenses have been asserted in Pinnacle's answer to Marshall's Complaint. Pinnacle requests the court deny Marshall's Motion to Compel Discovery & Motion for Sanctions.

Defendant's Opposition to Use-Plaintiff's Motion to       *United States of America fubo Marshall's Electric, Inc.*
Compel Discovery & Motion for Sanctions                                  *vs. Pinnacle Construction, Inc., et al.*
Page 6 of 7                                                                            Case No. 3:06-cv-00045 TMB

DATED this 10th day of November, 2006, at Anchorage, Alaska.

        HOLMES WEDDLE & BARCOTT, P.C.
        Attorneys for Defendant Pinnacle
        Construction, Inc.

        By: _____s/Grant E. Watts_____
        701 W. Eighth Avenue, Suite 700
        Anchorage, Alaska 99501-3408
        Phone: (907) 274-0666
        Fax: (907) 277-4657
        Email: gwatts@hwb-law.com
        Alaska Bar No. 8609090

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2006, a true and correct copy of the foregoing was served electronically on:

    Swan T. Ching, Esq.

s/Grant E. Watts

Defendant's Opposition to Use-Plaintiff's Motion to Compel Discovery & Motion for Sanctions
Page 7 of 7

*United States of America fubo Marshall's Electric, Inc.
vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB