Swan T. Ching, Esq.
1563 E. Tudor Road
Anchorage, AK 99507
907-563-9292 Phone
907-561-5690 Fax
e-mail: swan_ching@yahoo.com

Attorney for Plaintiff

IN THE IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| For the use and benefit of ) | | |
| MARSHALL'S ELECTRIC, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| PINNACLE CONSTRUCTION, INC. ) | | |
| and CONTINENTAL CASUALTY ) | | |
| COMPANY, ) | | |
| ) | | |
| Defendants. ) | Case No. 3:06-CV-00045 TMB | |
| _____) | | |
| ) | | |
| PINNACLE CONSTRUCTION INC. ) | | |
| ) | REPLY TO OPPOSITION TO | |
| Counter-claimant, ) | MOTION TO COMPEL DISCOVERY & | |
| v. ) | MOTION FOR SANCTIONS | |
| ) | | |
| MARSHALL'S ELECTRIC, INC. ) | | |
| ) | | |
| Counterclaim- ) | | |
| Defendant. ) | | |
| _____) | | |

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Reply to Opposition to Motion to Compel Discovery & Motion for Sanctions
Case # 3:06-CV-00045 TMB
Page 1 of 5

Pinnacle's attempt to rely on FRCPs 34(b) and 33(d) is not supported by the case law applying these rules, and none are cited in the opposition.

Throughout, PINNACLE claims that it complies with the rules by making available for inspection "the six to seven boxes of project records" (page 3), which it kept in "the usual course of business" (pages 2, 3), or "identified in the same fashion [as] those records [ ] maintained by Pinnacle" (page 5).  Likewise, "Pinnacle's counsel [continues to] dispute[]" that he has no obligation to segregate the records in response to each of Marshall's requests for production (page 4).  Again, Pinnacle gives no authorities supporting its position.

As evident by these quotes, Pinnacle has no intention of organizing and labeling the seven boxes of records to correspond with the categories in the "*request.*"  FRCP 34(b).  Nor does it intend to specify the 7 boxes of records as required by FRCP 33(d), notwithstanding familiarity with its own documents.

> [A]n offer to produce business records is not an acceptable alternative to answering interrogatories where the information is not as accessible to the requesting party as to the answering party and the burden of ascertaining the answers is substantially greater on the requesting party. … An important -- often key -- factor in weighing the respective burdens on the parties is the *interrogated party's familiarity with its own documents*.

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Reply to Opposition to Motion to Compel Discovery & Motion for Sanctions
Case # 3:06-CV-00045 TMB
Page 2 of 5

4A Moores Federal Practice par. 33.25 (2d ed. 1990)(emphasis added).  This rationale applies "essentially the same as that in Rule 33, as amended, and the discussion in the note … is relevant to Rule 34 as well."  See, commentary to subdivision (b) of Rule 34, 1970 amendment.

Also, in refusing to answer Interrogatory No. 2, Pinnacle claims that Marshall's knows what work was done or not done, and therefore it was not necessary for it to answer this interrogatory (page 4).  This argument misses the whole point of Marshall's defenses to the Pinnacle's counterclaim of $57,425.73, as explained on pp. 3-5 of the compel/sanctions memorandum.  The whole point is, the parties disagree on what work was done or not done by Marshall's.  And in the case of the counterclaim, only Pinnacle knows what work it put in to justify the counterclaim, whether it was part of the original contract or change orders.

Of important to note is that Pinnacle treats the documents produced in the initial disclosures the same as the documents it was required to produce (but never produce) in the discovery request.  These two types of production are not the same.  The latter requires specification, labeling, organizing – to

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Reply to Opposition to Motion to Compel Discovery & Motion for Sanctions
Case # 3:06-CV-00045 TMB
Page 3 of 5

correspond with the categories in the request, per Rule 34(b), while the former requires otherwise.  Besides, it is impossible for the initial disclosures to be responsive to the discovery requests when Pinnacle did now know what requests were coming at the time of initial disclosures.

Pinnacle further claims that it produced "the bate stamped documents numbered 000686 through 000818 (attached as exhibit 1)" prior to the instant motion to compel.  This claim is clearly misleading to the court.  The undersigned represents that the last numbered page of documents handed over by its counsel on October 27th, 2006, was identified as "PCI 682".

The undersigned avers *under the penalty of perjury* that the batch of documents in exhibit 1 of Pinnacle was never produced before.  Now that they are produced, the court can see that Pinnacle's counsel did not attempt in any way to categorize and specify them to correspond to each discovery request, even though there are only 132 pages here.  So, when there are 7 boxes of documents, and only Pinnacle knows how they are filed, its refusal to follow the rules amounts to discovery abuse.

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Reply to Opposition to Motion to Compel Discovery & Motion for Sanctions
Case # 3:06-CV-00045 TMB
Page 4 of 5

Although a mere annoyance before, the court should know now that Pinnacle's counsel's disregard of the rules was continuing from the beginning of this case:

- Failure to meet and confer as per Rule 26(f) – (undersigned's letter dated Apr. 11, 2006 – Exhibit); and
- Failure to provide initial disclosures after repeated requests (letters dated June 28th, July 6th, and August 22nd, 2006) – Exhibit); and
- Failure to follow the rules in responding to discovery requests.

The undersigned asks the court to put a stop to Pinnacle's or its counsel's disregard of the rules, and award Marshall's the sanctions it asks for.

Dated this 15th day of November, 2006.

/s/ Swan T. Ching
_____
Swan T. Ching, ABA 9106030
Counsel for Plaintiff/Counterclaim
-defendant

Certificate of Service

Served via electronic mail on Nov. 15th, 2006 upon:

Grant E. Watts, Esq.
Holmes Weddle & Barcott, P.C.
701 W. 8th Ave., # 700
Anchorage, AK 99501-3408
e-mail: gwatts@hwb-law.com
/s/Swan T. Ching

Marshall's Electric, Inc. v. Pinnacle Construction, Inc.
Reply to Opposition to Motion to Compel Discovery & Motion for Sanctions
Case # 3:06-CV-00045 TMB
Page 5 of 5