**Swan T. Ching, CPA, JD**

ATTORNEY AT LAW

1563 E. Tudor Road
Anchorage, Alaska 99507
Office: (907) 563-9292
Fax: (907) 561-5690

April 11th, 2006

Grant E. Watts, Esq.
Homes Weddle & Barcott, P.C.      **Via Fax Only – 907-277-4657**
701 W. 8th Ave., # 700
Anchorage, AK 99501

Re:      Planning Meeting & Report Due Court

Dear Grant:

I presume you are aware that the court issued a minute order
from chambers on March 17th, 2006 requiring that we meet and
confer by certain date pursuant to Rules 16(b) and 26(f).  That
date was last Friday, April 7th.  And after the conference, we
are supposed to file the planning report by April 14th, this
Friday.

I called you on April 3rd and again on April 6th, both times I was
directed to leave messages on your voice mail by your
receptionist.  Thus far, I have not received your return call
yet.  I am concerned about violating the court's order.  Please
immediately advise.  Look forward to hearing from you.

Sincerely,

Swan T. Ching

STC:lmc

**Swan T. Ching, CPA, JD**

ATTORNEY AT LAW

1563 E. Tudor Road
Anchorage, Alaska 99507
Office: (907) 563-9292
Fax: (907) 561-5690

June 28, 2006

Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W. 8TH Ave., Suite 700
Anchorage, AK 99501

**VIA FAX ONLY
907-277-4657**

Re:    Overdue Initial Disclosures

Dear Mr. Watts:

Please immediately provide or advise as to when we can expect to
receive the Initial Disclosures pursuant to Rules 26(a)(1),
which was due **June 15th, 2006,** per the joint planning report as
adopted by the court in its Scheduling and Planning Order.

Regards,

Swan T. Ching

STC:lmc

# Swan T. Ching, CPA, JD

**ATTORNEY AT LAW**

1563 E. Tudor Road
Anchorage, Alaska 99507
Office: (907) 563-9292
Fax: (907) 561-5690

July 6th, 2006

Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.          **VIA FAX ONLY**
701 W. 8TH Ave., Suite 700             **907-277-4657**
Anchorage, AK 99501

Re:  Overdue Initial Disclosures       **SECOND REQUEST**

Dear Mr. Watts:

On June 28th, over a week ago, I asked you to provide the initial disclosures that was due June 15th, 2006.  You did not respond!

In as much as I try to accommodate some delays from opposing counsel, I am concerned about your delay of over 2 weeks here. Your delay impedes my discovery in this case.

This is my second request!  Please be advised that if I do not have the initial disclosures by tomorrow, Friday, 5:00 p.m., I'll have no choice but to seek the court's order against you. I will also seek recovery of my fees and costs in the order.

Regards,

Swan T. Ching

STC:lmc

# Swan T. Ching, CPA, JD

ATTORNEY AT LAW

1563 E. Tudor Road
Anchorage, Alaska 99507
Office: (907) 563-9292
Fax: (907) 561-5690

August 22, 2006

Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.          **VIA FAX & E-MAIL**
701 W. 8TH Ave., Suite 700              **907-277-4657**
Anchorage, AK 99501                   **gwatts@hwb-law.com**

Re:    Overdue Initial Disclosure Documents - FINAL REQUEST

Greeting Mr. Watts:

On July 31st, I went to review the documents you made available
as per the requirement for initial disclosures.  On August 14th,
I called to inquire about status of the tagged documents, since
you were to have them copied - and you said you "would get back
to me immediately."  You have not done so even as of now.

On August 18th, I called and left a message for you to return
call so I know the status of the tagged documents.  You again
did not respond.

From the case inception, you did not make yourself available to
meet and discuss planning as required by Rule 26(f) even after
my two phone calls to you one week prior to the due date of the
report.  Also, in order to get you to provide initial
disclosures (except the documents referred to above), I had to
write you two requests - one on June 28th, and another July 6th.

Despite all these requests and phone-calls, and even though I
provided you the initial disclosures via hand-delivery on June
19th, you still have not provided me the initial disclosure
documents to this day.  Meanwhile, your attempt to conduct
*verbal* discovery by asking for more documents was politely met
with skepticism.  But in the spirit of cooperation, I will make
whatever my client has for you to review in my office, even
though in my view I have provided you with all the documents
related to my client's claims and defenses.

In short, it is becoming all too clear that without putting a stop to this, I will have to constantly remind you to meet the deadline - a feat in itself that I am unwilling to do routinely as a courtesy to my opposing counsel.

By writing you this, I am attempting to meet the requirement of the Rule 37(a)(2)(A) - good faith attempt to confer - as well as creating proof of doing so by way of this letter.   In the future, do not be surprised that after one phone call to you, and no response within a reasonable time, I will be forced to file a Rule 37 motion against you.   I hope you understand my position.

Cordially,

//s/Swan T. Ching
Swan T. Ching

STC:lmc