Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W Eighth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 274-0666
Fax: (907) 277-4657
E-Mail: gwatts@hwb-law.com

Attorneys for Defendant/Counterclaimant Pinnacle Construction, Inc. and Defendant Continental Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of MARSHALL'S ELECTRIC, INC., <br><br> Use-Plaintiff, <br><br> vs. <br><br> PINNACLE CONSTRUCTION, INC., and CONTINENTAL CASUALTY COMPANY, <br><br> Defendants. | Case No. 3:06-cv-00045-TMB <br><br> **PINNACLE'S OPPOSITION TO USE-PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND FOR LEAVE TO DEPOSE PINNACLE CONSTRUCTION, INC.** |
| PINNACLE CONSTRUCTION INC., <br><br> Counterclaimant, <br><br> vs. <br><br> MARSHALL'S ELECTRIC, INC., <br><br> Counterclaim Defendant. | |

Pinnacle's Opposition to Use-Plaintiff's Motion to
Reopen Discovery and For Leave To Depose           *United States of America fubo Marshall's Electric, Inc.*
Pinnacle Construction, Inc.                                         *vs. Pinnacle Construction, Inc., et al.*
Page 1 of 4                                                                Case No. 3:06-cv-00045 TMB

COMES NOW Defendant Pinnacle Construction, Inc. ("Pinnacle"), by and through its attorneys, Holmes Weddle & Barcott, P.C. (hereinafter "HWB"), and hereby files its opposition to Marshall's Motion to Reopen Discovery and For Leave To Depose Pinnacle Construction, Inc. (On Shortened Time) (docket 28) (hereinafter "Motion") on the following grounds.

Marshall's attorney was provided an opportunity to inspect project records at HWB on July 31, 2006. Marshall's attorney requested another opportunity to inspect the project records in October, 2006, and he had an opportunity to do so on October 27, 2006. In spite of HWB having all of the project records (boxed up in files with labels and as customarily maintained by Pinnacle), Marshall's attorney left HWB's offices without reviewing those records.

Those same records were made available again to Marshall's attorney on March 5, 2007. Marshall's attorney had already conducted a Rule 30(b)(6) deposition of Pinnacle's representative, Matt Hartman, on February 26, 2007. (Again, Marshall's had months to review the project records before that deposition, and Pinnacle's counsel had already provided a substantial quantity of bates stamped documents in October, 2006). Marshall's counsel requested that Pinnacle's representative bring certain documents to the deposition, and that is why certain documents were provided to Marshall's counsel on that date. See Exhibit 1 hereto.

Pinnacle's Opposition to Use-Plaintiff's Motion to
Reopen Discovery and For Leave To Depose
Pinnacle Construction, Inc.
Page 2 of 4

*United States of America fubo Marshall's Electric, Inc.
vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB

Marshall's attorney also noticed up and conducted two other depositions in late February, 2007. There is no legitimate reason to reopen discovery or to allow Marshall's counsel to conduct other depositions. Marshall's attorney had ample opportunity to notice up depositions for months. Marshall's attorney has been provided with bates stamped records and discovery responses (see Exhibit 3 hereto). Marshall's attorney has no basis to complain about anything. The boxes of project records, and the bates stamped documents produced months ago do not support Marshall's attorney's contentions.

If this Court reviews the bates stamped documents and discovery responses provided to Marshall's attorney during 2006, this Court should conclude that Marshall's attorney is the only one to blame for Marshall's failure to review project records in October, 2006 and prior to the close of discovery in 2007. The only reason that Marshall's counsel is actually seeking to reopen discovery and to conduct further depositions is to make up for a lazy and unreasonable approach which he has taken to date with respect to reviewing Pinnacle's project records and discovery responses, which were provided by Pinnacle in accordance with applicable procedural rules. See also Exhibit 2 hereto.

Pinnacle made all of its project records available for months, and Marshall's counsel reviewed them twice (and chose not to review them a third time in October, 2006). That is simply unreasonable and not a proper basis for seeking to reopen

Pinnacle's Opposition to Use-Plaintiff's Motion to
Reopen Discovery and For Leave To Depose
Pinnacle Construction, Inc.
Page 3 of 4

*United States of America fubo Marshall's Electric, Inc.
vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB

discovery or to conduct additional depositions under the circumstances. Discovery closed on March 1, 2007. See this Court's Scheduling and Planning Order dated May 4, 2006.

Pinnacle also incorporates by this reference its Opposition and Exhibits (docket 21), Supplemental Opposition and Exhibits (docket 32), and Affidavits (dockets 33 and 34) which were filed in response to Marshall's separate Motion To Compel (docket 16).

Pinnacle requests that this Court deny Marshall's Motion. A proposed order is submitted herewith.

DATED this 15th day of March, 2007, at Anchorage, Alaska.

> HOLMES WEDDLE & BARCOTT, P.C.
> Attorneys for Defendant Pinnacle Construction, Inc.
>
> By: _____s/Grant E. Watts_____
> 701 W. Eighth Avenue, Suite 700
> Anchorage, Alaska 99501-3408
> Phone: (907) 274-0666
> Fax: (907) 277-4657
> Email: gwatts@hwb-law.com
> Alaska Bar No. 8609090

**CERTIFICATE OF SERVICE**
I hereby certify that on this 15th day of March, 2007, a true and correct copy of the foregoing was served electronically on:

  Swan T. Ching, Esq.

s/Grant E. Watts

Pinnacle's Opposition to Use-Plaintiff's Motion to
Reopen Discovery and For Leave To Depose
Pinnacle Construction, Inc.
Page 4 of 4

*United States of America fubo Marshall's Electric, Inc.
vs. Pinnacle Construction, Inc., et al.*
Case No. 3:06-cv-00045 TMB